```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


JOHN SOSINAVAGE,                )  14-CV-3292-JBS-AMD
                                )
              Plaintiff,         )
                                )
     vs.                        )
                                )
                                )
POLICE CHIEF JOHN SCOTT         )
THOMSON, et al,                 )
                                )
              Defendants.        )
-------------------------------)
ANTHONY CARMICHAEL,             )  14-CV-3323-JBS-AMD
                                )
              Plaintiff,         )
                                )
     vs.                        )
                                )
POLICE CHIEF JOHN SCOTT         )
THOMSON, et al,                 )  Camden, NJ
                                )  March 22, 2017
              Defendants.        )  3:16 p.m.
-------------------------------)
```


                 TRANSCRIPT OF TELEPHONE CONFERENCE
                BEFORE THE HONORABLE ANN MARIE DONIO
                  UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiffs:        CHERYL L. COOPER, ESQUIRE
                           LAW OFFICES OF CHERYL L. COOPER
                           322 Egg Harbor Road
                           Suite A-1
                           Sewell, New Jersey  08080

                           PAUL D. BRANDES, ESQUIRE
                           VILLARI BRANDES & GIANNONE, PC
                           8 Tower Bridge
                           161 Washington Street
                           Suite 400
                           Conshohocken, Pennsylvania  19428

For the County             BENJAMIN S. TERIS, ESQUIRE
Defendants:                BROWN & CONNERY, LLC
                           360 Haddon Avenue
                           Westmont, New Jersey  08096

```
APPEARANCES: Continued

For the City            JOHN C. EASTLACK, JR., ESQUIRE
Defendants:             WEIR & PARTNERS, LLP
                        215 Fries Mill Road
                        Second Floor
                        Turnersville, New Jersey  08012




Audio Operator:         SUSAN BUSH




Transcribed by:         DIANA DOMAN TRANSCRIBING, LLC
                        P.O. Box 129
                        Gibbsboro, New Jersey  08026
                        Office:  (856) 435-7172
                        Fax:     (856) 435-7124
                        E-mail:  dianadoman@comcast.net


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

1                          I N D E X

2

3    COLLOQUY:                                        PAGE

4    Ref: Depositions                                  10

5    Ref: Discovery                                    17

6    Ref: IA logs                                      20

7    Ref: Summary of proceedings                   27, 34

8

9

10

11

12

13   **\*\*\* Transcriber's note -- (inaudibles) are due to poor audio**

14   **and or echo in microphones.**

15

16

17

18

19

20

21

22

23

24

25

Colloquy                                                          4

1                    (The following was heard via telephone at 3:16 p.m.)

2                    THE COURT:  All right, we're on the record.  Good

3       afternoon.  This is in two cases:  Carmichael vs. Thomson and

4       Sosinavage vs. Thomson, Case Numbers 14-3323, 14-3292.  It's

5       approximately 3:16 p.m.

6                    This call was scheduled for 3:00.  We don't have Mr.

7       Eastlack on the phone.  My office did reach out to him, but

8       let's just place the appearances on who's on the phone right

9       now.

10                   MS. COOPER:  Yes, good afternoon, Your Honor, Cheryl

11      Cooper on behalf of the plaintiff.

12                   MR. TERIS:  Your Honor, this is Benjamin Teris from

13      Brown & Connery on behalf of the county defendants.

14                   MR. BRANDES:  Hello?  Hello?

15                   THE COURT:  Yes, who's that, Paul?

16                   MR. BRANDES:  Yeah.  Eastlack apparently was aware

17      of the conference but he's on his feet, he's on trial in

18      Camden and apparently his office called to Judge Donio and --

19                   THE COURT:  This is --

20                   MR. BRANDES:  -- Judge Donahue apparently is

21      reconvening today at 4:30, --

22                   THE COURT:  Yes.

23                   MR. BRANDES:  -- but I'd like to hear that from

24      Judge Donio's clerk.

25                   THE COURT:  This is Judge Donio now.

Colloquy                                                              5

1              MR. BRANDES:  Oh, I'm sorry.

2              THE COURT:  I'm just asking for you to put your

3    appearance on the record, please.

4              MS. COOPER:  Paul, put your appearance on the

5    record.

6              MR. BRANDES:  I'm sorry.  Paul Brandes on behalf of

7    the plaintiff.  I'm sorry, Your Honor.

8              THE COURT:  All right, thank you.  Mr. Brandes is

9    correct, our office reached out to Mr. Eastlack's office.

10   Apparently there was a statement as I understand it made to my

11   judicial assistant that they were awaiting the call and did

12   not have the dial in number, when my assistant provided the

13   dial in number I guess that we were provided with.

14              I was then informed vis-a-vis my assistant through

15   Mr. Eastlack's assistant that Mr. Rybeck is on vacation and

16   Mr. Eastlack thought the call was going to be at 3:00 and now

17   is in trial and unable to attend.

18              It is not acceptable to the Court to push this call

19   off so I'm going to reconvene at 4:30 and directed my

20   assistant to direct Mr. Eastlack's assistant that Mr. Eastlack

21   should be prepared to appear by 4:30.  Are other counsel ready

22   and available at 4:30 today?

23              MS. COOPER:  Yes, Your Honor.

24              MR. BRANDES:  Yes, Your Honor.

25              MR. TERIS:  Yes, Your Honor.

Colloquy                                    6

1          THE COURT:  All right, thank you.  Then I'll

2    reconvene at 4:30.  I would ask that -- is it going to be the

3    same dial in number?  Who provided the dial in number?

4          MR. BRANDES:  I did.  Paul Brandes, and yes, it

5    should be the same information, Your Honor.

6          THE COURT:  All right, thank you.  And, Mr. Brandes,

7    please re-fax that to Mr. Eastlack's office since apparently

8    they said they didn't have it or --

9          MR. BRANDES:  Yeah, we sent it by -- we sent it by

10   fax and email but we'll do so again, Your Honor.

11         THE COURT:  All right.  If you sent it by fax and

12   email, please be able to address that at the conference at

13   4:30 and maybe I misunderstood.  We'll see directly from Mr.

14   Eastlack why he wasn't on the call at 3:00.  All right, you

15   all have --

16         MR. BRANDES:  Very good.  Thank you, Your Honor.

17         THE COURT:  All right, we'll talk to you all again

18   at 4:30.  We are adjourned for now.

19         MR. BRANDES:  Thank you for your indulgence.

20      (Off the record at 3:18:57 p.m.)

21      (Back on the record at 4:30:55 p.m.)

22         THE COURT:  We're on the record -- are we on the

23   record?

24         COURTROOM DEPUTY:  Yes.

25         MR. BRANDES:  Good afternoon, Your Honor.

Colloquy                                7

```
 1              THE COURT:  All right.  We're reconvening at 4:30.
 2   Do we have everyone on the phone?
 3              MR. BRANDES:  Everybody except Mr. Eastlack, Your
 4   Honor.
 5              THE COURT:  Has anybody heard from Mr. Eastlack?
 6              MR. BRANDES:  Your Honor, this is Paul Brandes
 7   speaking.  My office spoke with his assistant and reiterated
 8   relevant information and we were advised that he would be
 9   present at 4:30.
10              THE COURT:  All right.  So let me just take a roll
11   call and see who's on the phone.
12              MS. COOPER:  Yes, good afternoon, Your Honor, this
13   is Cheryl Cooper on behalf of the plaintiff.
14              MR. BRANDES:  Paul Brandes on behalf of the
15   plaintiff.
16              MR. TERIS:  Your Honor, this is Benjamin Teris from
17   Brown & Connery on behalf of the county defendants.
18              THE COURT:  Does anybody have the exact time from
19   their cell phone?
20              MR. BRANDES:  I'm sorry, Your Honor?
21              THE COURT:  My records, it's 4:31.  This was
22   rescheduled for 4:30.  I'm not going to keep counsel on the
23   phone yet again for some time period for Mr. Eastlack to call
24   in.  I'm going to have to reschedule again.  Are counsel
25   available tomorrow morning?
```

                                      Colloquy                                      8

 1                MS. COOPER:  Yes, Your Honor.

 2                MR. TERIS:  I'm not available tomorrow morning, Your

 3    Honor.  I'm in Atlantic City division on a civil rights

 4    matter.

 5                THE COURT:  Mr. Teris, what time will you be

 6    available?

 7                MR. TERIS:  After 1:00 p.m. definitely.

 8                THE COURT:  Ms. Cooper?

 9                MS. COOPER:  I will make myself available, Your

10    Honor.

11                THE COURT:  All right.  I'm going to --

12                MR. BRANDES:  And I will make myself available as

13    well, Your Honor.

14                THE COURT:  All right, thank you.

15                MR. TERIS:  Your Honor, I could probably join in the

16    call on the way down Atlantic City if necessary.

17                THE COURT:  Did someone just join the call?

18                MR. EASTLACK:  This is John Eastlack.

19                THE COURT:  All right, now we're ready to go.  Mr.

20    Eastlack, what happened to your appearance at 3:00 today?

21                MR. EASTLACK:  I'm sorry, Your Honor?  I couldn't

22    quite hear you, Judge.  I apologize.

23                THE COURT:  All right.  I'm just inquiring as to

24    your appearance at 3:00 today.  What occurred?

25                MR. EASTLACK:  Judge, I did not receive any -- I

Colloquy                                                     9

1    mean Mr. Brandes indicated in an email to my office that he

2    had sent call-in information.  I did not receive that or I

3    didn't see it in my email, Judge.  I just did not have it and

4    I didn't know how we were going to go about doing it.  I had

5    actually seen Ms. Cooper earlier in the day in Municipal Court

6    in -- in Deptford Township and she said we have a conference

7    call at 2:00.

8            And I got out of this hearing that I'm in and went

9    outside at 2:00 and talked to my office and they said that

10   there's nothing -- nothing about 2:00 and they said it was at

11   3:00.  And I asked is there -- you know, is there anything --

12   you know, how -- how am I going to get in on this call?

13           She said I don't know, I thought that we would be

14   getting the call but I don't have any calling information.  So

15   and I spoke to my paralegal, Maria, with that.  So that's the

16   explanation that I have, Judge.  I don't have a different one.

17           THE COURT:  Mr. Brandes, is your representation as

18   an officer of the court that you did send the email?

19           MR. BRANDES:  I can represent to Your Honor that my

20   assistant was instructed to send an email and a fax.  She did

21   indeed send an email on March 20th at 3:28 p.m. to Mr. Rybeck

22   at Weir & Partners and Ms. Londar, L-O-N-D-A-R, who's also on

23   the file at Weir & Partners, with the call-in information, and

24   that same call information was also faxed by letter that same

25   day at approximately that same time to those two individuals

1   at Weir & Partners, Mr. Eastlack's office as well.

2           THE COURT:  All right, well let's just move forward

3   today.  Mr. Eastlack, you have three different lawyers on the

4   record here.  Someone's got to be lead as far as obtaining

5   information on these calls.

6           I'm going to move forward on this matter now, but it

7   did require some moving of -- or asking counsel to call back

8   in and I really wanted to get through these issues.  Here's

9   what we're going to do.

10          First of all, I'm just going to address the

11  deposition dates.  You have three dates that are agreed to,

12  correct?

13          MR. EASTLACK:  Yes, Your Honor.

14          THE COURT:  Ms. Cooper, pick who you want those

15  dates.

16          MS. COOPER:  I did that already, Your Honor.  I gave

17  the deposition notices for the 27th, 28th and 29th.

18          THE COURT:  And who are they?  Give me date order.

19          MS. COOPER:  On the 27th I designated Wysocki, on

20  the 28th I designated J.L. Williams --

21          THE COURT:  Ms. Cooper, I can't hear you.  Please

22  speak up.  Your voice just dropped for whatever reason.

23          MS. COOPER:  I'm sorry.  On the 27th I have

24  designated Defendant Wysocki, on the 28 I have designated

25  Defendant Williams, J.L. Williams, and on the 29th I have

Colloquy                                11

1    designated former Deputy Chief Lynch.

2         THE COURT:  Okay.  Mr. Eastlack, it's plaintiff's

3    prerogative to choose the order, that's the dates she wanted

4    to do them, I don't see any reason why we can't accommodate

5    those dates.

6         MR. EASTLACK:  Well, Judge, other than the fact that

7    Mr. Wysocki is not available on Monday, and I told Ms. Cooper

8    -- because originally I was trying to squeeze in five people

9    because I didn't know she was only going to have three, and so

10   I went to great lengths to speak with him.

11        The only day that Mr. Wysocki wasn't available was

12   the 27th.  And I told her with Mr. Lynch and Mr. Wysocki had

13   flexibility for either Wednesday or -- I'm sorry, Tuesday or

14   Wednesday, and I could switch them around to try to

15   accommodate her.

16        But, you know, and I -- that is in a letter to her.

17   I don't discern any magic to the order, Your Honor.  I'm not

18   being sarcastic with using the term "magic".   I -- I don't

19   see the -- the issues in the case and, you know, why that

20   would be required.

21        I mean, these are professionals that work.  Mr.

22   Wysocki is the Deputy Chief of Police of Camden County Police

23   Department.  There -- I was indicated that he -- and I didn't

24   try to just pick these -- this order just to frustrate Ms.

25   Cooper; I did it because I thoughtfully contacted them.

Colloquy                                    12

1        And again, Your Honor, I did not even know, even

2   though Ms. Cooper said please reserve the -- these last three

3   dates that she said she could be available, the other two

4   dates she said she couldn't.  I had to do my best to try to

5   squeeze in five people into three days and it took a lot of

6   time to try to do that.

7        And then I got the deposition subpoenas on Monday

8   after a lot of emails from Ms. Cooper saying you're not going

9   to tell me what I'm going to do, I'm going to designate the

10  order the way I want it and me writing to her saying, Cheryl,

11  you could you please, you know, exercise some courtesy here,

12  I'm trying to do that.

13       And I told that I -- there was flexibility with

14  Lynch and Wysocki, moving them between, you know, Tuesday and

15  Wednesday and I -- so I would ask the Court just like we would

16  have if this was a -- a more leisurely circumstance, that we

17  try to pick dates that -- where people are, you know,

18  available.

19       I mean, he has police-related tasks to engage in

20  that day that are important that he has to deal with.  And I

21  just would appreciate --

22            THE COURT:  Okay.

23            MR. EASTLACK:  -- the scheduling the deposition to

24  allow it, Your Honor.

25            THE COURT:  All right.  Let me just -- let me just

Colloquy                                    13

1    address it this way.  Ms. Cooper, is there any reason why you

2    can't do Lynch first and then Wysocki?

3              MS. COOPER:  That's a no, Your Honor.  In fact, I

4    only got Mr. Eastlack's letter in that regard today --

5              THE COURT:  All right.  Let me just --

6              MS. COOPER:  -- and I have not been able -- I didn't

7    even see it before I saw him in Court or I would have

8    addressed that with him this morning.

9              THE COURT:  Okay.  I'm --

10             MS. COOPER:  But I do not mind switching the two.

11             THE COURT:  All right.  So and then how long are you

12   going to be in each of these depositions?

13             MS. COOPER:  I'm assuming, as I said before, each

14   one of those five people is for the day.

15             THE COURT:  Okay.  And what time are you starting?

16             MS. COOPER:  10:00 a.m. --

17             THE COURT:  All right.

18             MS. COOPER:  -- except on the 29th because I have a

19   doctor's appointment that morning that I can't change.

20             THE COURT:  Well, if you choose to start later,

21   you're going to have this witness just that day and you have

22   to end at a -- so you're going to have to move quicker.

23             MS. COOPER:  Well, then that's the reason that I'm

24   -- there's Wysocki is the one that I believe is going to take

25   the longest --

 1            THE COURT:  All right.

 2            MS. COOPER:  -- out of all of them so, --

 3            THE COURT:  Well, he's not here --

 4            MS. COOPER:  -- you know, then that's the reason why

 5     he has to start first because I had this appointment for a

 6     very long time so --

 7            THE COURT:  Wait.

 8            MR. EASTLACK:  Judge, I can make -- I can have Mr.

 9     Wysocki on the second day --

10            THE COURT:  That's what I understood.

11            MR. EASTLACK:  -- of the depositions and I believe I

12     can move the other officer to Wednesday.  We can do that.

13            THE COURT:  Okay, what -- so the first deposition is

14     going to be on Monday the 27th.  It's going to begin at 10:00

15     a.m. and it's going to be Lynch.

16            MR. EASTLACK:  Lynch.

17            THE COURT:  The second deposition is -- that's the

18     28th, that's also a 10:00 a.m. start, correct?

19            MS. COOPER:  Correct.

20            THE COURT:  And that will be Wysocki and the third

21     deposition, that's an 11:00 start?

22            MS. COOPER:  Yes.

23            THE COURT:  And that is Williams, okay?  Those are

24     -- and you will take those three depositions.  Do we have an

25     agreed upon location?

1              MS. COOPER:  Yes, Mr. Eastlack's office is fine,

2       Judge.

3              THE COURT:  And regardless of the status of

4       outstanding discovery those depositions will go forward.  And

5       if ultimately I determine that the defendants have withheld

6       discovery and you have to re-depose, that will be at defense's

7       cost, but I'm not there yet.  I want these depositions to go

8       forward so let's go forward with them.  Okay, now there's two

9       more people you need -- two more depositions, right?

10             MS. COOPER:  That's correct, Your Honor.

11             THE COURT:  Do we --

12             MS. COOPER:  Plaintiff and Thomson.

13             THE COURT:  Do we have dates for those?

14             MR. EASTLACK:  No.

15             MS. COOPER:  No, because they -- there were no more

16      dates in March and neither Mr. Eastlack nor I coordinated to

17      get another date in April, but --

18             THE COURT:  All right.

19             MS. COOPER:  -- I just wanted insure the Court that

20      that was going to be acceptable.  I'm sure we can figure out

21      something.

22             MR. EASTLACK:  Judge, what we did, just so the Court

23      is familiar, I gave six dates to Ms. Cooper, Ms. Cooper

24      contacted my office and indicated she was not available on two

25      of them, and that's why I've been moved to try to provide Ms.

1    Cooper with a schedule for when people were available, you

2    know, for the five people being deposed on three dates.

3           I, of course, would not go beyond the 31st because

4    the discovery end date is done.  Now, I -- I can tell Ms.

5    Cooper, that I have -- my schedule has since cleared for the

6    30th so I'm available that day.

7           THE COURT:  Are you available that day, Ms. -- are

8    you available that day, Ms. Cooper?

9           MS. COOPER:  I think that is the day that I have --

10   I have an all day mediation with like six other lawyers, so

11   that -- I'm not sure if it's the 30th or 31st, I'm trying to

12   pull up the schedule right now.  I think that would be the

13   reason that I couldn't do it.

14          And the other dates that Mr. Eastlack gave me were

15   even before these documents would have been produced, which

16   I'm obviously not okay with that.  I'm trying to pull it up

17   here.  Just one minute.

18          MR. EASTLACK:  Some were this week but --

19          MS. COOPER:  It is -- yes, it is on -- it is on the

20   30th.  That's why that week was not chosen before.

21          THE COURT:  Here's what we're going to do.  You're

22   going to meet and confer and get two dates by April 7th for

23   these last remaining depositions and I will have another call.

24   I could cancel the call if you send me a nice letter that says

25   you all agree.

Colloquy                                    17

1           But if you can't then I'll have to do what I'm doing

2      today and pick the date and time.  And see if you can get

3      these other two depositions the first week of April -- April

4      3rd through the 7th and reach agreement on that by the end of

5      this week and send me a letter by 3/24.

6           Now, on the discovery, I'm trying to make sense of

7      what it is that is outstanding.  Let me -- let me just address

8      one issue first because we have the county counsel on the

9      phone and they really don't have a lot of issues because they

10     have their pending motion, but now it looks like you're

11     seeking discovery that you didn't seek before.  Is that right,

12     Ms. Cooper?

13          MS. COOPER:  Well, Your Honor, we didn't seek

14     discovery on the economic part of it and it's really just my

15     client's payroll records which -- and his -- and the payroll

16     struck (phonetic) salary and payments, you know, for the

17     plaintiff.  I mean, I thought that they would show --

18          THE COURT:  All right.  That's not how I read your

19     request.  It looked like you wanted other people's payroll

20     records too.  You just want your own client's payroll records?

21          MS. COOPER:  Yes, I want my client's payroll

22     records.  I wanted the salary of when they first all started

23     there for each one of the positions because in order to

24     calculate the damages of how -- if you're -- if you're

25     claiming --

Colloquy                                          18

1          THE COURT:  Now, I just --

2          MS. COOPER:  -- that, you know, someone was flipped

3     to your captain's level --

4          THE COURT:  I just want to know what it is that

5     you're requesting.  Your client's --

6          MS. COOPER:  I'm --

7          THE COURT:  Each of your client's personnel files as

8     it relates to their payroll.  Don't they have access to that

9     electronically?

10         MS. COOPER:  My client Sosinavage does not have

11    anything with the county so it would only be for Carmichael.

12         THE COURT:  Okay.

13         MS. COOPER:  And, we only need his pay information

14    -- his payroll information and then I just need the -- the

15    county document or whatever that shows -- or the contract that

16    shows what the salary was for lieutenant, captain, deputy

17    chief, chief.

18         THE COURT:  Okay.  So it's more than just your

19    client's payroll record.  You want the salary structure.

20         MS. COOPER:  Well yes, but I believe initially it

21    was published publicly because when they all were first hired

22    it's just the updates.  And, the -- and what my client

23    explained to me, there was a contract negotiated at some point

24    recently and that I don't have the information as to what the

25    pay scales are.

1           THE COURT:  All right.

2           MS. COOPER:  That's what I'm looking for.

3           THE COURT:  All right.  But you would agree you

4    didn't request that earlier?

5           MS. COOPER:  No, I did not.

6           THE COURT:  So what is the basis to make that

7    request now in light of the time of the case?

8           MS. COOPER:  Well, Judge, it's just merely to be

9    able -- I wanted to collect this information to be able to

10   send to the economic expert in anticipation of trying to have

11   that ready in advance.  That was it.  There was no -- I don't

12   want to depose anybody, I don't want to do anything.  I

13   suppose my client can go to HR in the county and request his

14   own records but, you know, I can just have him do that.

15          THE COURT:  I think that's where I was headed.  Mr.

16   Teris, can't the plaintiff -- doesn't the plaintiff have the

17   right to get his own records regardless of the litigation?

18          MR. TERIS:  Sure.  And if he wants to go request it

19   to HR that's -- he's absolutely allowed to do that.  I don't

20   have any objection to that.  My only objection is to seeking

21   any additional -- any discovery regardless of whether it's for

22   a -- for use by an expert witness because that should have

23   been done during fact discovery.

24          THE COURT:  All right.  So here's how -- here's

25   really -- we're having an argument over something that really

1    we should have a discussion about because the plaintiff can go

2    to the human resources and say give me my pay records, right?

3    That would be that.  And the plaintiff can serve an OPRA

4    request because it's a public record, what the salary

5    structure is.  It's not a secret, right?

6              MR. TERIS:  That's true, yes, Your Honor.

7              THE COURT:  And so and that's outside the discovery.

8    You can seek that.  Regardless of the fact we have a discovery

9    date they're entitled to that under OPRA.  So if the county is

10   going to stand on its objection, Ms. Cooper, you're going to

11   have to obtain it some other way.

12             MS. COOPER:  Sure.

13             THE COURT:  All right.  That takes care of the

14   county.  Thank you, Mr. Teris.

15             MR. TERIS:  Thank you.

16             THE COURT:  Now, that gets us to this dispute on

17   these IA files and what's missing and what's not missing, so I

18   quite frankly at this point I think the best way to proceed is

19   by way of motion to compel -- formal motion.  What is it that

20   you claim you haven't gotten?

21             The county says -- the city says we gave you

22   everything.  Ms. Cooper, you say you have, you've attached

23   documents and I appreciate the fact that you've made sure that

24   there were hand deliveries to the Court so that I have the

25   hard copies.

1          But it's unclear to me what you're missing with

2     respect to the IA logs.  Are you missing years or is it that

3     the information you have now is different than the information

4     you were previously provided?

5          MS. COOPER:  Well, it's two fold.  With respect to

6     the IA logs, they are not the same as what was produced before

7     and so that is part of it.  And also in the last conference,

8     Your Honor ordered through 2012, and as I indicated in my

9     letter, my client -- one of my clients at least and I'm not

10    sure about Carmichael but Sosinavage for certain has Internal

11    Affairs investigation that -- where either he was a part of or

12    was investigated in 2013, --

13         THE COURT:  Well, all right, but that's not --

14         MS. COOPER:  -- which -- which --

15         THE COURT:  -- but that's not what I ordered, right?

16    So are you asking for something beyond the order or are you

17    saying the order wasn't complied with?

18         MS. COOPER:  No, I'm not -- with respect to what the

19    Court ordered, initially, Mr. Eastlack did not produce any of

20    the Excel files.  He only produced a PDF of the paper copies

21    which was the first letter that I sent to the Court.

22         And you can see in those documents that there's big

23    sections of it where the lines are not there and there's --

24    they're in a different format from the ones that were produced

25    in 2012.

Colloquy                                    22

1              In 2012 I attached that and I didn't have a color

2      copier and I apologize, I was trying to make it as simple as

3      possible but I marked the documents for the Court that were

4      produced in 2012.

5              If you look at the columns and the way that it's set

6      up and all of that, it's different than for the years -- well,

7      they produced 2007 and 2008 -- part of 2008.  The 2008 records

8      are not the same as the 2008 records that were just produced.

9              THE COURT:  All right, I'm going to try this again.

10     Maybe I'll be clearer.  Are you saying that the order hasn't

11     been complied with, or are you arguing that there's a

12     difference in what was currently produced and what was

13     previously produced, or are you arguing both?

14             MS. COOPER:  I'm arguing that it's different.

15             THE COURT:  Okay.  So you now have the Excel

16     spreadsheets?

17             MS. COOPER:  Yes, I do.

18             THE COURT:  And you have everything through 2012?

19             MS. COOPER:  Well, with respect to the Internal

20     Affairs logs, yes.

21             THE COURT:  Okay.  Which is what the Court ordered,

22     correct?

23             MS. COOPER:  That's correct, yes.

24             THE COURT:  All right.  Mr. Eastlack, do you have

25     any response as to the disparity in the prior production to

Colloquy                                    23

1   the current production?

2                    MR. EASTLACK:   Judge, I do not because we just spoke

3   with the person who's in charge of that in Internal Affairs

4   and he -- I'm told he hit a button and we got this.   And what

5   I had sent to Ms. Cooper writings, using electronic format,

6   was -- you know, I emailed it to her and gave her a paper

7   copy.

8                    She really didn't specify Excel so it wasn't

9   originally sent.   I discern  -- I didn't discern any

10  difference but I guess the Excel spreadsheet lets you break it

11  down month by month by month, but she got the compilation of

12  all them, and there's essentially end year for each of them

13  that contained all the information.

14                    So I didn't -- I didn't discern any difference

15  between the two which I think was originally Ms. Cooper's

16  fault of our office because she -- her -- electronic in her

17  mind meant the actual Excel record from the department.

18                    Once I was able to discern that, because I couldn't

19  understand it, I sent her the exact Excel without any

20  deletions, without anything taken out -- nothing.   It's all

21  there exactly the way received it and I don't know how else to

22  provide it to her.   So --

23                    MS. COOPER:   Your Honor, I'm not suggesting that Mr.

24  Eastlack modified it at all.   It's not -- that's not --

25                    THE COURT:   Well I -- all right, well you'll have

Colloquy                                    24

1     to, you know, inquire at depositions about why there's this

2     difference.  I don't know if it's a matter of the fact that it

3     was updated from the last time and so you have a different

4     version because this is a more recent version.

5            I mean, it's a spreadsheet -- I don't know.  For

6     example, what I could see was sometimes a file was pending and

7     then in the later production it had a close date, so I don't

8     know if people went in there and updated the spreadsheet.  So

9     take your depositions and then if you think there's a basis

10    for a claim that it was somehow withheld improperly, you can

11    make a formal motion.

12           As it relates to other discovery that you're now

13    seeking, you'll need to make a formal motion because I didn't

14    -- I addressed the IA logs.  My recollection was that was the

15    scope of what you're requesting and I'm not sure what else it

16    is you're seeking today.

17           MS. COOPER:  Well, Your Honor, just a quick response

18    to that is simply that in the May 26th disclosures that the

19    city provided initially, they did not update those disclosures

20    to contain the full and complete Internal Affairs cards, even

21    my clients.

22           And that's -- that's what I attached to the letter

23    that I had hand delivered to the Court today because you can

24    see there for example on the one document that includes us,

25    the last entry on there is from 2008 but there's IA files that

1    were filed against him -- investigations, and I included that

2    sheet for 2010 that's not on that card.  And then of course

3    the department closed in 2013.

4           THE COURT:  So are you looking for updated -- you

5    mean an updated Rule 26 disclosure of your client's own IA

6    file files against him?

7           MS. COOPER:  Not only my client, but like I showed

8    the Court there, the main defendants' cards were also

9    previously produced.  There's so much that was previously

10   produced such as their personnel files which contain all the

11   transfer orders and things of that nature that were never

12   updated or supplemented through Rule 26(e), and that's what I

13   just pointed out.

14          THE COURT:  Okay.  Mr. Eastlack, don't you have an

15   obligation to update your Rule 26 disclosures under Rule

16   26(e)?

17          MR. EASTLACK:  Judge, I don't -- I -- Judge, there's

18   an echo in there.  I thought somebody else was trying to talk.

19   It's actually my own voice.  I apologize.  I thought I was

20   talking over someone.  Judge, I discern what was produced at

21   the inception of this under Rule 26, everything that we had at

22   that time, we produced it.

23          Anything beyond that would be discovery requests

24   that the plaintiff could make and we provided what we had at

25   the time that this -- the inception of this case and provided

1    it to Ms. Cooper.  If she wanted additional discovery beyond

2    that, she could have --

3              THE COURT:  Well --

4              MR. EASTLACK:  -- propounded, you know, this

5    discovery request like any other lawyer does --

6              THE COURT:  Well --

7              MR. EASTLACK:  -- in any case and --

8              THE COURT:  Let me just interrupt for a minute

9    because I want to close this proceeding now and if we have to

10   reconvene tomorrow we can.  I'm going to direct the defendant

11   to review Rule 26(e) and the obligation of a party who's made

12   a disclosure to supplement or correct it in a timely manner if

13   the party learns that in some material respect the disclosure

14   or response is incomplete or incorrect.

15             There is a duty to supplement.  I'm going to order

16   the city -- or I'm going to order Mr. Eastlack, your clients,

17   which is the city, right, to --

18             MR. EASTLACK:  Yes, it is --

19             THE COURT:  -- to update --

20             MR. EASTLACK:  -- the city defendants, Judge.

21             THE COURT:  -- and consistent with Rule 26(e) your

22   disclosures and to do so by March 27th.  If they need to be

23   updated, if you take the position that there's no disclosures

24   that are required to be updated to meet your -- your

25   obligations under 26(e), then you can submit a letter to the

Colloquy                                                    27

1    plaintiff and say why.

2              If it turns out that that's inaccurate, then you

3    might have some issues.  But you can take a look very closely

4    at Rule 26(e) and make your supplement by the -- by Monday so

5    that the information is available for the depositions.

6              MR. EASTLACK:  Okay.

7              THE COURT:  There is one deposition that will begin

8    on Monday so we'll just have to go forward with the other two

9    depositions with that information.

10             Anything further for today?

11             MS. COOPER:  No, Judge.

12             THE COURT:  All right.  So let me clear --

13             MR. TERIS:  No, Your Honor.

14             THE COURT:  -- clear then.  There's no -- I'm not

15   ordering the county to do any further discovery.  That

16   discovery request can be obtained.  It doesn't need to be

17   obtained for this litigation and it's out of time with respect

18   to the county.

19             But the plaintiff is entitled to the -- his own

20   employment records, I'm sure he can get them and there's been

21   no objection by the county for that.  I will encourage the

22   county and the plaintiff to see if they can reach agreement on

23   the salary structure.

24             It's a corporate record.  It may be a public

25   document that's available already online or an OPRA request

1    and perhaps the parties can just reach agreement on the -- on

2    that issue.

3            As it relates to the depositions, I've provided the

4    date certain in directing the parties to meet and confer to

5    obtain dates for the remaining depositions, to let me know by

6    Friday of this week of those dates.

7            I'm also directing Mr. Eastlack on behalf of his

8    clients to review the Rule 26 disclosures and to update them

9    or correct them or add to them as required pursuant to Rule

10   26(e) to supplement the disclosures.  If supplementation is

11   required, it should be done so no later than I'll say noon,

12   Monday, March 27th, 2017, and that shall I think address the

13   issues before me today.

14           MR. EASTLACK:  Judge, can I ask just for

15   clarification because I want to make sure that I can --

16   obviously I want to comply to the letter with the Judge's

17   order, okay -- with the Court's order.

18           To the extent that Ms. Cooper demanded other

19   discovery that doesn't fall under the duty of the defendant

20   under 26(e) to update and supplement, then with regard to

21   those additional records that are sought that don't fall under

22   that which those city defendants are not obligated to comply

23   with that, I'm going to say attached additional records

24   request to each of the deposition subpoenas.

25           THE COURT:  Ms. Cooper?

1           MS. COOPER:  Your Honor, those deposition subpoenas

2    were served in February and I have a right to do that under

3    the rules.  And they had more than 30 days to even collect

4    that information, most of it which are business records that

5    they should readily have available.  And so no, I do not agree

6    with that at all.

7           And most everything in there was already previously

8    requested, whether they turned it over or not and I might have

9    even had it in the state case.  I am literally having to go

10   through page by page now to check and see because I took Mr.

11   Eastlack and Mr. Rybeck at their word when they -- I believed

12   that I had a document and I have not been able to spend the

13   time to find it from the state case where we agreed to

14   transfer everything over and they agreed to waive the statute

15   of limitations defense and I agreed to waive Mr. Carmichael's

16   one claim, which was an administrative sort of appeal and put

17   that in as a retaliation claim.

18          And all of the documents from the lower level were

19   to be utilized here.  I believe that's all memorialized but at

20   this time, I mean, I literally have been concentrating on what

21   I meant to do for this coming week as opposed to --

22          THE COURT:  Okay.

23          MS. COOPER:  -- you know, going back and rechecking

24   every single thing.

25          THE COURT:  Ms. Cooper, if you find that letter

1    you'll send it to the Court.

2              MS. COOPER:  Yes.

3              THE COURT:  In the meantime, Mr. Eastlack, whatever

4    was attached to deposition notices that were served back

5    before the end of this week you'll need to comply with.

6              MR. EASTLACK:  Judge, I'm going to tell you I don't

7    know that I -- because this -- these are requests that are

8    outside of Rule 26, many of them.  They were never contained

9    in the demand for production of documents and which the time

10   to do that has long, long, long passed.

11             And then Ms. Cooper attaches it to a deposition

12   notice, deposition subpoena, and says, you know, produce the

13   -- you know, for the city to be able to foresee that this

14   would have been required, I mean, I don't -- I don't have a

15   response to it.  They're things that could take an

16   extraordinary amount of time to try to find.

17             THE COURT:  Did you submit it?

18             MR. EASTLACK:  They were never asked for before.

19             MS. COOPER:  No, I didn't.  The documents that are

20   contained on there are (inaudible) from the State Court case

21   as well as documents that were -- I believe were already

22   produced.  But in addition to that, discovery was not closed

23   when I sent the deposition notices, so I could have served

24   them up until the very end.

25             I'm getting into trouble (inaudible) as I've said on

Colloquy                                                   31

1      every conference from the very beginning.  In just the very

2      beginning, I haven't been able to even designate which IA

3      files out of the logs that we want to review at this point for

4      the Monell claim because I just got them.

5            THE COURT:  Ms. Cooper, your requests, are they

6      attached as a document request within the confines of a

7      deposition notice to a named party?

8            MS. COOPER:  Yes.

9            THE COURT:  Mr. Eastlack, did you object when you

10     received them?

11           MR. EASTLACK:  I objected to the taking of the

12     depositions entirely, Judge.  I recall that, you know, I got

13     first notification that they may even want to take depositions

14     the day before the discovery end date ended.

15           MS. COOPER:  That's not true.

16           THE COURT:  Well --

17           MR. EASTLACK:  January 30th, Your Honor, is when we

18     received a letter from Ms. Cooper and the discovery end date

19     which would have been the 31st of January taking Mr.

20     Sosinavage's deposition when Ms. Cooper walked in with these

21     things.  I mean, it asks for early warning system Camden

22     office of reports for 2008 to 2013, I mean, I don't even know

23     where they are.

24           MS. COOPER:  That's not even Internal Affairs.

25           MR. EASTLACK:  Cheryl, the City of Camden Police

1    Department has been closed for four years now.  "Excessive

2    force reports for Internal Affairs served upon the city

3    attorney, business administrator or risk manager from 2008 to

4    2013."

5            MS. COOPER:  Again, Judge, they are part of the

6    normal course of business that my client was the one who put

7    that system into place.  And I know Mr. Eastlack knows this

8    because our office during the time of the consent decree used

9    to have to file those same documents with the Federal Court in

10   Camden.

11           So I mean, those things are things that are just in

12   a file cabinet and it shouldn't be any big deal to go pick

13   them up.  The building that the county is in, is the same

14   building that they were in the city.  The Internal Affairs

15   Department moved one of city police departments so that all

16   three communications divisions, that building over there, and

17   I don't know if it was given to him or not, but all of these

18   documents are documents that are -- that were supposed to be

19   part -- and I know that during the time my clients were there

20   were part of the everyday routine.  And my client did a

21   monthly report as well as the excessive force report and Mr.

22   Eastlack is well aware of it.  Those things used to have to be

23   filed with the Federal Court, with Judge Simandle every month.

24           THE COURT:  All right, well --

25           MR. EASTLACK:  Judge, just because I'm well aware of

Colloquy                                          33

1    something doesn't mean -- you know, that I know of the

2    existence that quarterly reports that were filed back in 2008

3    or 2009, where they are, where they're located.  And Ms.

4    Cooper said they're just in some file cabinet after the Camden

5    City Police Department's been closed for four years?

6              I mean, this is the type of thing -- this is why you

7    have -- you know, a demand for production of documents that

8    could have been served -- you know, 18 months, two years ago.

9    I mean, to attach it to a deposition subpoena at the end of

10   the -- just before the close of the discovery end date and say

11   well, I gave it to you then, you should be able to jump and

12   get it, that's an abuse of discovery here by this plaintiff.

13   Saying that well, because I attached it to a deposition

14   subpoena the day before the end of the discovery end date, you

15   have an obligation to hop and jump and get these things when

16   ordinarily these are things that would have -- that would take

17   an extraordinary length of time and manpower to uncover and

18   produce.

19             I'm not going to be on this phone and say, Your

20   Honor, I can call up somebody and then they can just walk over

21   to a filing cabinet and get them out.

22             I know from being involved with the City of Camden

23   Police Department, representing them for a number of years,

24   that things don't -- aren't that easy where you can just walk

25   over to someplace and it isn't that in any police department,

1    let alone Camden, where you have things that are done four

2    years ago, and on top of it, you have a closed police

3    department for four years.

4            MS. COOPER:  Well, Your Honor, first of all, they've

5    -- most -- a lot of those things were previously demanded.

6    Some of them were previously produced so I suggest that, you

7    know, it's not what Mr. Eastlack is representing.

8            That's why I even did that, because when I couldn't

9    get them to update what they were supposed to do, that's when

10   I said if I'm not going to get it any other way, I'm just

11   going to attach it to the deposition notice.  And those things

12   were previously demanded.  Some of these are things that have

13   to be filed with the Attorney General's Office, with the

14   county and all, and Mr. Eastlack is well aware of that as well

15   since we're talking about for 2008 to 2013 where the

16   department closed, that's five sheets of paper.

17           THE COURT:  Okay, here's what I'm going to do.  I

18   think I'm going to do it this way because I get -- I feel that

19   I'm getting different versions and I just want to -- I want

20   these depositions to go forward and I think the most

21   appropriate manner under Rule 1 of the Federal Rules of Civil

22   Procedure and under proportionality contours is to handle the

23   matter as follows.

24           Mr. Eastlack, produce what was produced to the State

25   Court, wherever the -- I'm sure there's a file somewhere that

1    says this was the discovery in the State Court.  If you

2    produced it in the State Court, reproduce it again.

3              As it relates to the documents that are attached to

4    the -- the deposition notices that were served on February

5    28th -- correct, is that when they were served?

6              MS. COOPER:  I believe -- I'm not positive of the

7    date as I'm sitting here.

8              MR. EASTLACK:  Judge, the ones I have in front of me

9    are 3/20/17.  I'm not going to -- I don't have in front of me

10   the other --

11             THE COURT:  I have --

12             MR. EASTLACK:  -- prior ones, Judge.

13             THE COURT:  I have in front of me the ones in some

14   of the letters that seem to be dated 2/28 which was the last

15   deposition discovery deadline, so it looks like perhaps the

16   requests were made at the time at the last day of discovery,

17   is that --

18             MS. COOPER:  You know, Your Honor, if you look back

19   to the letters that are in my submissions that I gave to the

20   Court, I wrote in January after the dates of the depositions

21   and I gave an order of the deponents at that time that I

22   wanted as well, and I tried several different times to do it

23   informally, and I didn't get it.  At the end I said okay, I'm

24   not getting a response, today's the last day, I have no other

25   choice --

1           THE COURT:  No, I understand that but --

2           MS. COOPER:  -- so that's what I did.

3           THE COURT:  But you served --

4           MR. EASTLACK:  That was January 30th, Your Honor.

5    I'm sorry, Judge, I don't want to talk over the Court.

6           THE COURT:  No, what I'm saying is there's no

7    dispute that on 2/28 you attached to these deposition notices,

8    the last day of discovery, what would be very voluminous

9    discovery requests.

10          And in part I thought I understood you to say that

11   the reason you did that is you thought you were going to get

12   what was produced in the State Court.  There was some

13   agreement that now doesn't appear to be an agreement that the

14   defendants believe occurred and you had no other choice but to

15   attach it to a document request which, you know, I'm not even

16   sure if these witnesses are the persons with custody and

17   control of these documents and so, you know, I'm not sure the

18   deposition notices are the manner in which it's done and

19   generally discovery is not done that way.  You send a document

20   request and you provide plenty of time.

21          Now, I hear your argument, well, we were trying to

22   get dates for the month, but that doesn't excuse serving a

23   formal document request as required under the rules.

24          MS. COOPER:  Well, it would get -- I'm sorry, go

25   head.

1          THE COURT:  So hearing in all the disputes I think

2     the best way to approach it is as follows:

3          Defendants shall produce what was produced in the

4     State Court.  You produced it in the State Court -- reproduce

5     it.  You update your Rule 26 disclosures and that will be the

6     end of your obligation at this time without prejudice to

7     plaintiff's application to make a motion to compel.

8          And when you make your motion to compel, you'll have

9     to demonstrate why the request was timely and appropriate and

10    why I should order the discovery and if it turns out you're

11    right, you might get to re-depose people at the defendant's

12    cost and if it turns out you're wrong, then -- then the

13    defendants may be able to potentially seek costs.

14         So we'll do it that way, but these depositions will

15    go forward and you'll get all the discovery that was already

16    produced, because I'm sure under Court rules and under the

17    Professional Rules of Conduct, files would have had to have

18    been maintained for a period of time and those files are

19    probably some were available to Mr. Eastlack.

20         Okay, there's how we'll proceed.  Is there anything

21    further for today?

22         MS. COOPER:  Not from me, Judge.

23         MR. EASTLACK:  No, Your Honor.

24         THE COURT:  All right, counsel, everyone have a nice

25    afternoon and we are adjourned.

38

1          ALL COUNSEL:  Thank you, Judge.

2               (Matter concluded, 10:17 a.m.)

3                    * * *

4

5             C E R T I F I C A T I O N

6          I, Diane Gallagher, court approved transcriber,

7     certify that the foregoing is a correct transcript from the

8     official electronic sound recording of the proceedings in the

9     above-entitled matter.

10

11     _____          03/28/2017

12      DIANE GALLAGHER                       DATE

13     DIANA DOMAN TRANSCRIBING, LLC