```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANTHONY CARMICHAEL,<br><br>              Plaintiff,<br><br>    v.<br><br>JOHN SCOTT THOMSON, et al.,<br><br>             Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 14-3323<br>(JBS-AMD)<br><br>**MEMORANDUM OPINION**<br>**UPON RECONSIDERATION** |

**SIMANDLE**, District Judge:

1. Plaintiff Anthony Carmichael (hereinafter, "Plaintiff") brought this employment action against Defendants City of Camden, County of Camden, and John Scott Thomson, Orlando Cuevas, Michael Lynch, Louis Vega, Joseph Wysocki, and J.L. Williams, in their official capacities as employees of the City of Camden, the County of Camden, or both (collectively, "Defendants"). Plaintiff, formerly a Lieutenant in the Camden City Police Department and now a Captain in the Camden County Police Department, generally alleges that Defendants engaged in retaliation against him based on protected activity in violation of the New Jersey Conscientious Employee Protection Act, the New Jersey Law Against Discrimination ("NJLAD"), the New Jersey State Constitution, the First Amendment of the United States Constitution, and 42 U.S.C. § 1983 and/or

race discrimination in violation of NJLAD and § 1983.[1] On September 27, 2018, this Court filed an Opinion addressing Plaintiff's claims against County Defendants for allegedly discriminating and/or retaliating against Plaintiff by failing to promote him to Captain

---

[1] The Amended Complaint contains two distinct components:

(1) Counts One, Two, Three, Four, Six, Seven, Eight, and Nine allege discrimination and/or retaliation by the City of Camden and Chief John Scott Thomson, Deputy Chief Orlando Cuevas, Deputy Chief Michael Lynch, Louis Vega, Joseph Wysocki, and J.L. Williams in their capacities as former employees of the City of Camden and City of Camden Police Department (collectively, "the City Defendants"), for transferring Plaintiff out of his position as "acting Captain" of the Camden City Police Internal Affairs, forcing him to work midnight and work split shifts, assigning him to supervise those identified by the administration as "problem" officers, requiring him to attend meetings without overtime compensation, assigning him a schedule where he was the only officer in the Camden City Police Department forced to work every weekend, and unfairly writing up and/or disciplining him after he objected to the City Defendants' instructions to violate the Attorney General Guidelines; such claims arose against the City of Camden arose before the County's takeover of the Police Department and were not at issue in the underlying summary judgment motion; and

(2) Counts Eleven, Twelve, Thirteen, and Fifteen allege discrimination and/or retaliation by Defendants County of Camden, County Police Chief Thomson, Deputy Chief Cuevas, Deputy Chief Lynch, and Louis Vega, in their capacity as employees of the County of Camden and County of Camden Police Department (collectively, "County Defendants"), for skipping over Plaintiff and failing to promote him to Captain sooner.

(Amended Complaint [Docket Item 26].) The Court previously dismissed Counts Five, Ten, and Fourteen for failure to state a claim upon which relief may be granted, and those claims are not part of the operative Amended Complaint. See Carmichael v. Thomson, No. 14-3323, 2015 WL 1010485 (D.N.J. Mar. 6, 2015).

during or soon after the formation of the Camden County Police Department in May 2013. See Carmichael v. Thomson, No. 14-3323, 2018 WL 4629516 (D.N.J. Sept. 27, 2018). In that Opinion, the Court granted summary judgment in favor of County Defendants as to Counts Eleven and Twelve of the Amended Complaint, "except as they may pertain to Plaintiff's claims regarding Officer Wysocki as a comparator," and granted summary judgment in favor of County Defendants in full as to Counts Thirteen and Fifteen. Id. at *19.

2. This matter comes before the Court on County Defendants' motion for reconsideration as to the portion of the September 27th Opinion and Order denying summary judgment with respect to Plaintiff's claims regarding Officer Wysocki as a comparator. (See County Defs.' Mot. [Docket Item 221].) Plaintiff opposes the present motion. (See Pl.'s Opp'n [Docket Item 224].)[2]

---

[2] The Court granted Plaintiff an extension of time to file a brief in opposition to the present motion until February 5, 2019. (See Order [Docket Item 223].) Plaintiff's opposition brief was nevertheless filed one day late, on February 6, 2018, (see Pl.'s Opp'n [Docket Item 224]), along with a letter from Plaintiff's counsel seeking the Court's indulgence in considering the late submission. (See Letter [Docket Item 226].) Though Plaintiff's opposition brief was filed late, even after the Court had granted an extension, the Court shall consider the submission.
  Plaintiff's brief in opposition also purports to serve as a cross motion for sanctions against County Defendants. (See Pl.'s Opp'n [Docket Item 224], 8-10.) This purported cross motion does not comply with Local Civil Rule 7.1, because it does not include a notice of motion, a certificate of service, or a proposed order, and it does not note the corresponding motion day on the cover page. See L.Civ.R. 7.1. Nevertheless, Plaintiff's sanctions motion has been reviewed and will be denied as frivolous, as Plaintiff

3. **Background.** The factual and procedural background of this case as it pertains to County Defendants was thoroughly detailed in the Court's prior Opinion regarding summary judgment, see Carmichael, 2018 WL 4629516, and shall not be repeated herein, except as necessary for the determination of the present motion. After oral argument on County Defendants' prior motion for summary judgment, during which Plaintiff's counsel asserted her theory that Officer Wysocki was treated more favorably than Carmichael due to racial considerations. In general, Plaintiff asserted at oral argument that Wysocki had been promoted to Captain in the Camden County Police Department before Carmichael was promoted to Captain, despite being less qualified (or unqualified) for the Captain's rank. The Court ordered supplementary briefing regarding Plaintiff's identification of Defendant Wysocki as a potential comparator. (See Letter Order [Docket Item 165], Apr. 23, 2018.) County Defendants submitted a letter regarding Defendant Wysocki's status as a potential comparator on April 30, 2018. (See County Letter Brief [Docket Item 170], Apr. 30, 2018.) Plaintiff responded

---

created the procedural confusion that the County Defendants seek to remedy by the present motion, as discussed infra.
  Additionally, County Defendants filed a brief in reply to Plaintiff's opposition. (See County Defs.' Reply [Docket Item 227].) Local Civil Rule 7.1 does not permit parties moving for reconsideration to file reply briefs "unless permitted by the Court." L.Civ.R. 7.1(d)(3). County Defendants never sought the Court's leave to file a reply brief; nevertheless, the Court shall consider the filing because it addresses new matter in Plaintiff's opposition.

to County Defendants' letter on May 7, 2018. (See Pl.'s Letter Brief [Docket Item 171], May 7, 2018.) In the present motion for reconsideration, County Defendants correctly state that they never requested leave from the Court to file a response to Plaintiff's May 7, 2018 letter, nor did the Court grant such leave sua sponte. (See County Defs.' Br. [Docket Item 221-5], 1 n.1.) The Court then carved out the alleged situation of Wysocki as the sole remaining comparator, largely because the matter had not been adequately addressed in the parties' papers.

4. **Standard of Review.** A motion for reconsideration is "an extraordinary remedy to be granted very sparingly." In re Lord Abbett Mut. Funds Fee Litig., 417 F.Supp.2d 624, 627 (D.N.J.2005) (internal quotation marks omitted). There are three grounds for relief upon which a motion for reconsideration may be granted, under L.Civ.R. 7.1(i): "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Connolly v. Mitsui O.S.K. Lines (Am.) Inc., No. 04-5127, 2010 WL 715775, at *1 (D.N.J. Mar. 1, 2010). Reconsideration is not appropriate to "relitigate old matters" or to voice disagreement with the court's decision. See Flores v. Predco Servs. Corp., No. 10-1320, 2011 WL 3273573, at *2 (D.N.J. July 29, 2011). However, "reconsideration is the appropriate means of bringing to the court's attention manifest

errors of fact or law." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 678 (3d Cir. 1999) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).

5. **Discussion.** County Defendants bring this motion for reconsideration "to correct clear errors of fact and to prevent manifest injustice," with respect to the Court's decision to deny summary judgment as it pertained to Plaintiff's claims of discrimination respecting Officer Wysocki as a comparator. (County Defs.' Br. [Docket Item 221-5], 1.) County Defendants specifically argue that

> reconsideration should be granted and the remaining claim dismissed because (1) the County did not have a fair and full opportunity to respond to and rebut the arguments raised by Plaintiff in the May 7, 2018 supplemental letter submitted after oral argument such that fairness and justice warrants reconsideration; (2) permitting Plaintiff to assert Wysocki was a relevant comparator, contrary to his deposition testimony and discovery responses at the preverbal 11th hour was patently unfair to the County since there had been no discovery provided by Plaintiff as to his allegations related to Wysocki and no opportunity for the County to provide discovery related thereto; (3) the issues of fact noted by the Court as they pertained to Wysocki do not create a genuine issue of material fact precluding summary judgment; and (4) even if the motion for reconsideration is denied, all individual defendants, other than Lynch, should be dismissed since it is undisputed that Lynch was the sole decision maker with respect to Wysocki's promotion to Captain and there are no facts in the record to support any claim against the other individual defendants.

(County Defs.' Br. [Docket Item 221-5], 1-2.) Plaintiff argues that County Defendants' motion should be denied because it is supported by "new" and "false" evidence provided by County Defendants. (See Pl.'s Opp'n [Docket Item 224], 3-8.)

6. As noted, supra, "[t]he Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter," Andreyko, 993 F. Supp. at 478 (internal citations and quotation marks omitted), or to correct "manifest errors of fact or law." Max's Seafood Cafe, 176 F.3d at 678 (citing Harsco, 779 F.2d at 909). In this instance, County Defendants wish to challenge assertions made by Plaintiff in his submissions relating to County Defendants' prior motion for summary judgment. (See generally County Defs.' Br. [Docket Item 221-5].) As described, supra, County Defendants did not have an earlier opportunity to respond to Plaintiff's supplemental submission regarding Officer Wysocki. Such new arguments are not appropriately brought in a motion for reconsideration. However, the Court shall grant County Defendants' present motion to the extent that the Court shall grant County Defendants leave to file a new summary judgment motion pertaining to Plaintiff's claims with respect to Officer Wysocki, within twenty-one (21) days of the entry of the accompanying Order on the docket. County Defendants also seek reconsideration to the extent

that they argue that all individual defendants should be dismissed from this case, except for Defendant Lynch, because Defendant Lynch was the sole decision maker relevant to Wysocki's promotion. (See County Defs.' Br. [Docket Item 221-5], 18-20.) This issue was also not fully briefed as part of the underlying summary judgment motion, therefore the Court shall also grant County Defendants leave to file a new summary judgment motion pertaining to this issue within twenty-one (21) days of the entry of the accompanying Order on the docket. The remainder of County Defendants' present motion shall be denied.

7. **Conclusion.** For the foregoing reasons, the Court will grant County Defendants' motion for reconsideration in part and deny it in part. The Court shall grant County Defendants leave to file a new motion for summary judgment, with respect to Counts Eleven and Twelve of Plaintiff's Amended Complaint as they pertain to Plaintiff's claims regarding Officer Wysocki as a comparator and with respect to their argument that all individual defendants should be dismissed from this case, except for Defendant Lynch, because Defendant Lynch was the sole decision maker relevant to Wysocki's promotion, within twenty-one (21) days of the entry of the accompanying Order on the docket. Plaintiff's request for sanctions shall be denied as frivolous. If any side is to blame for this confusion, it is Plaintiff, who apparently never provided a contention that Wysocki's promotion was discriminatory or

retaliatory nor supplied in discovery the documents on which Plaintiff relied, for the first time, in oral argument in opposition to the underlying summary judgment motion. The accompanying Order will be entered.

**April 5, 2019**                                **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 U.S. District Judge