UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY CARMICHAEL,<br><br>                    Plaintiff,<br><br>        v.<br><br>JOHN SCOTT THOMSON, et al.,<br><br>                    Defendants. | HONORABLE NOEL L. HILLMAN<br><br>Civil No. 14-3323<br>(NLH-AMD)<br><br>**OPINION** |

APPEARANCES:

Cheryl L. Cooper, Esq.
LAW OFFICES OF CHERYL L. COOPER
342 Egg Harbor Road, Suite 1-A
Sewell, NJ 08080
      Attorney for Plaintiff

Christine O'Hearn, Esq.
BROWN & CONNERY, LLP
360 Haddon Avenue
Westmont, NJ 08108
      Attorney for County Defendants

Daniel Edward Rybeck, Esq.
John C. Eastlack, Jr., Esq.
Lilia Londar, Esq.
WEIR & PARTNERS
250 Fries Mill Road, 2nd Floor
Turnersville, NJ 08012
      Attorneys for City Defendants


**HILLMAN**, District Judge:

I.    **INTRODUCTION**

        Plaintiff Anthony Carmichael (hereinafter, "Plaintiff")

brought this employment action against Defendants City of

Camden, County of Camden, and John Scott Thomson, Orlando
Cuevas, Michael Lynch, Louis Vega, Joseph Wysocki, and J.L.
Williams, in their official capacities as employees of the City
of Camden, the County of Camden, or both (collectively,
"Defendants").  Plaintiff, formerly a Lieutenant in the Camden
City Police Department and now a Captain in the Camden County
Police Department, generally alleges that Defendants engaged in
retaliation against him based on protected activity in violation
of the New Jersey Conscientious Employee Protection Act, the New
Jersey Law Against Discrimination ("NJLAD"), the New Jersey
State Constitution, the First Amendment of the United States
Constitution, and 42 U.S.C. § 1983.  Plaintiff also alleges race
discrimination in violation of NJLAD and § 1983.

This Opinion addresses only Plaintiff's remaining claims
against Defendants County of Camden, County Police Chief
Thomson, Deputy Chief Cuevas, Deputy Chief Lynch, and Louis
Vega, in their capacity as employees of the County of Camden and
County of Camden Police Department (collectively, "County
Defendants") for allegedly discriminating against Plaintiff by
failing to promote him to Captain during or soon after the
formation of the Camden County Police Department in May 2013 and

does not address any of Plaintiff's claims against City

Defendants.[1]

---

[1] The Amended Complaint contains two distinct components:

(1) Counts One, Two, Three, Four, Six, Seven, Eight, and Nine allege discrimination and retaliation by the City of Camden and Chief John Scott Thomson, Deputy Chief Orlando Cuevas, Deputy Chief Michael Lynch, Louis Vega, Joseph Wysocki, and J.L. Williams in their capacities as former employees of the City of Camden and City of Camden Police Department (collectively, "the City Defendants"), for transferring Plaintiff out of his position as "acting Captain" of the Camden City Police Internal Affairs, forcing him to work midnight and work split shifts, assigning him to supervise those identified by the administration as "problem" officers, requiring him to attend meetings without overtime compensation, assigning him a schedule where he was the only officer in the Camden City Police Department forced to work every weekend, and unfairly writing up and/or disciplining him after he objected to the City Defendants' instructions to violate the Attorney General Guidelines; and

(2) Counts Eleven and Twelve alleging discrimination by Defendants County of Camden, County Police Chief Thomson, Deputy Chief Cuevas, Deputy Chief Lynch, and Louis Vega, in their capacity as employees of the County of Camden and County of Camden Police Department (collectively, "County Defendants"), for skipping over Plaintiff and failing to promote him to Captain sooner.

(See Amended Complaint [Docket Item 26].) The late Honorable Jerome B. Simandle previously dismissed Counts Five, Ten, and Fourteen for failure to state a claim upon which relief may be granted, and those claims are not part of the operative Amended Complaint. (See Opinion [Docket Item 20], Mar. 6, 2015 at 24-28; Order [Docket Item 21], Mar. 6, 2015, 1-2.) Judge Simandle further granted summary judgment in favor of County Defendants with respect to Counts Thirteen and Fifteen in full and with respect to Counts Eleven and Twelve except insofar as Counts Eleven and Twelve relate to Plaintiff's allegations regarding Officer Wysocki's potential role as a comparator. (See Opinion [Docket Item 202], Sept. 27, 2018; Order [Docket Item 203], Sept. 27, 2018.)

This matter comes before the Court on County Defendants'
motion for summary judgment on Counts Eleven and Twelve of the
First Amended Complaint.[2] (Motion for Summary Judgment
(hereinafter "County Defs.' Mot.") [Docket Item 240].)

The principal issue remaining to be decided is, discovery
having been concluded, whether there are genuine issues of
material fact from which, giving all reasonable inferences to
Plaintiff, a jury could reasonably find that County Defendants
failed to promote Plaintiff to the rank of Captain in the Camden
County Police Department due to race discrimination in violation
of his First Amendment rights.  For the reasons discussed below,
the motion for summary judgment will be granted.

## II.  BACKGROUND[3]

The pending motion was filed by County Defendants and as
noted previously does not address any of Plaintiff's allegations

---

[2] In the alternative, County Defendants' present motion seeks to
have all individual defendants dismissed, with the exception of
Defendant Lynch, as he was the sole decision maker with regard
to hiring Officer Wysocki rather than Plaintiff. (See County
Defs.' Br. [Docket Item 240-2], 16-18.)  As the Court will grant
County Defendants' primary request for relief, the Court need
not discuss their alternative request for relief at this time.

[3] For purposes of the instant motion and pursuant to Local Civil
Rule 56.1, the Court looks to the Amended Complaint [Docket Item
26] when appropriate, County Defendants' Statement of Undisputed
Material Facts [Docket Item 240-1] and Plaintiff's Responsive
Statement of Material Facts [Docket Item 253].  County
Defendants assert that portions of Plaintiff's Responsive
Statement of Material Facts do not appropriately cite to the
record or improperly engage in legal argument. (See County

against City Defendants. (County Defendants' Brief in Support of
Motion for Summary Judgment (hereinafter "County Br.") [Docket
Item 240-2], 1 n.1.)  Accordingly, the Court recounts only those
portions of the factual the procedural history relevant to
Plaintiff's failure-to-promote claims against County Defendants.

### A.    Factual Background

The late Honorable Jerome B. Simandle thoroughly detailed
the factual background of this case in his Opinion addressing
County Defendants' prior motion for summary judgment, (see
Opinion [Docket Item 202], Sept. 27, 2018, 17-22), and the Court
need not repeat that background here.

### B. Procedural History

Judge Simandle's Opinion addressing County Defendants'
prior motion for summary judgment also thoroughly addressed the
procedural history of this case, (see Opinion [Docket Item 202],
Sept. 27, 2018, 22-25), and the Court need not recite that
history, known to the parties, here.  Subsequent to that
Opinion, Judge Simandle granted County Defendants leave to file
the present motion. (See Opinion [Docket Item 236], Apr. 5,
2019; Order [Docket Item 237], Apr. 5, 2019.)

---

Defs.' Reply [Docket Item 259], 2-7.)  The Court will not
consider such portions of Plaintiff's Statement of Material
Facts in the context of the present Opinion.  Unless otherwise
noted, the facts in this section are undisputed by the parties.

**IV. STANDARD OF REVIEW**

At summary judgment, the moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  In reviewing a motion for summary judgment, the court is required to examine the evidence in light most favorable to the non-moving party, and resolve all reasonable inferences in that party's favor. Scott v. Harris, 550 U.S. 372, 378 (2007); Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014).

A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The non-moving party "need not match, item for item, each piece of evidence proffered by the movant," but must simply present more than a "mere scintilla" of evidence on which a jury could reasonably find for the non-moving party. Boyle v. Cty. of

_Allegheny_, 139 F.3d 386, 393 (3d Cir. 1998) (quoting _Anderson_,
477 U.S. at 252).

**V.   DISCUSSION**

Plaintiff's remaining claims against County Defendants only
include claims of race discrimination in violation of 42 U.S.C.
§ 1983 (Count Eleven) and NJLAD (Count Twelve) as they pertain
to Plaintiff's proffer of Joseph Wysocki as a comparator.

In Counts Eleven and Twelve of the Amended Complaint,
Plaintiff alleges that County Defendants' failure to promote him
to Captain instead of Joseph Wysocki constitutes racial
discrimination in violation of 42 U.S.C. § 1983 and NJLAD.
County Defendants move for summary judgment on this claim,
arguing that, while Plaintiff is a member of a protected class,
he has failed to make a _prima_ _facie_ case of racial
discrimination with respect to Officer Wysocki's promotion. (_See_
County Defs.' Br. [Docket Item 240-2], 5-8.)  Alternatively,
County Defendants argue that, even if Plaintiff could establish
a _prima_ _facie_ case for racial discrimination with respect to the
promotion of Officer Wysocki, Plaintiff cannot rebut County
Defendants' proffered legitimate, non-discriminatory reasons for
promoting Wysocki to Captain rather than Plaintiff. (_See_ _id._ at
8-16.)  Plaintiff, in turn, argues that Officer Wysocki was
demonstrably less qualified for promotion to Captain than
Plaintiff. (Pl.'s Opp'n [Docket Item 252], 7-13.)

Plaintiff's § 1983 and NJLAD claims are both analyzed through the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Stewart v. Rutgers, State Univ., 120 F.3d 426, 432 (3d Cir. 1997) (applying McDonnell Douglas framework to § 1983 claims); Viscik v. Fowler Equip. Co., 173 N.J. 1, 13-14 (2002) (adopting McDonnell Douglas framework for NJLAD employment discrimination cases). The McDonnell Douglas framework first requires the plaintiff to establish a prima facie case of racial discrimination, at which point the burden shifts to the defendant employer to provide a legitimate non-discriminatory rationale for their employment decision. McDonnell Douglas Corp., 411 U.S. at 802-03. Once the defendant has proffered a legitimate, non-discriminatory explanation, the plaintiff may prevail if he can prove the defendant's purported reasoning was merely a pretext and that the adverse employment action was actually motivated by discriminatory intent. Id. at 802.

### A. Plaintiff's Prima Facie Case of Racial Discrimination

County Defendants first argue that Plaintiff has failed to produce sufficient evidence to support a prima facie case of racial discrimination. (See County Defs.' Br. [Docket Item 240-2], 5-8.) To establish a prima facie case of racial discrimination for failure to promote, a plaintiff must establish that: (1) he belongs to a protected category; (2) he

applied for a job in an available position for which he was
qualified; (3) he was rejected; and (4) after he was rejected,
the position stayed open and the employer continued to seek
applications from individuals with similar qualifications.
McDonnell Douglas Corp., 411 U.S. at 802; Bates v. Tandy Corp.,
186 Fed. App'x 288, 293 (3d Cir. 2006) (citing Bray v. Marriott
Hotels, 110 F.3d 986, 990 (3d Cir. 1997)).

Here, County Defendants concede that Plaintiff satisfies
the first prong: he is a member of a protected class because he
is African American. (County Defs.' Br. [Docket Item 240-2],
5.) But the parties contest whether Plaintiff can establish the
remaining three elements of the prima facie case, which the
Court will address in turn.

Plaintiff testified that his employment discrimination
claims are primarily derived from County Defendants' failure to
promote him during the Pilot Program, which lasted between
November 1, 2012 and October 31, 2013. (See Pl.'s Dep. [Docket
Item 240-3], Ex. K, 47:21-48:18.) There was no formal
application process for promotions made through the Pilot
Program; instead, Defendants Lynch and Thomson made final
recommendations for promotions within the County Police
Department during the program, including promotions to County
Police Captain. (See Lynch Cert. [Docket Item 240-3], Ex. H,
¶¶ 8, 15; Thomson Decl. [Docket Item 240-3], Ex. P.) These

recommendations were then subject to formal approval by the
Camden County Board of Chosen Freeholders. During the Pilot
Program, Defendants Lynch and Thomson recommended that Officer
Wysocki be promoted to Captain and Officer Wysocki received his
promotion on April 30, 2013, fifteen (15) days after Plaintiff
was hired by County Defendants. (See Lynch Cert. [Docket Item
240-3], Ex. H, ¶¶ 20-38; Thomson Decl. [Docket Item 240-3], Ex.
P; Lynch Decl. [Docket Item 240-3], Ex. Q; Intergovernmental
Transfer Agreement [Docket Item 240-3], Ex. A, 2.) Furthermore,
County Defendants argue that "it is undisputed that every single
City Police Officer the County Police Department hired [under
the Pilot Program] transferred to the County at the same rank he
or she held with the City Police Department regardless of any
indication on their application." (County Defs.' Br. [Docket
Item 240-2], 6.)

The parties do not dispute that Plaintiff indicated on his
application that he was applying for the position of Captain.
Nevertheless, County Defendants argue that Plaintiff cannot
satisfy the second and third prongs of the prima facie case —
that is, that he applied for Captain and was rejected — because
of how the hiring process under the Pilot Program worked.
Namely, since Plaintiff was a Lieutenant with the City Police
Department at the time the County Police Department hired him,
he was hired into the position of Lieutenant. Therefore,

Plaintiff did not actually apply for a promotion, meaning that he could not have been rejected for a promotion either.  As a result, County Defendants argue, Plaintiff cannot satisfy the second or third prongs of the prima facie case.

Plaintiff argues that his indication on his application that he was applying for the position of Captain clearly shows that he applied for the promotion.  Moreover, Plaintiff asserts that during his interview with then-Police Director for the Camden County Police Department, Edward Fanelli, Plaintiff reiterated the fact that he had been a Captain with the Camden City Police Department and that he was seeking the same position or higher with the Camden County Police Department.  Plaintiff notes that County Defendants have not presented evidence to contradict this assertion.

The Court finds that there is a disputed issue of material fact with respect to the second prong.  Namely, the issue is whether Plaintiff's indication on his application that he was applying for Captain, when considered with the other circumstances surrounding the hiring process, constitutes an application for that position under the Pilot Program hiring process.  This issue, being one of fact, does not fall within the province of the Court for the purposes of this motion, but rather must be decided by the trier of fact.  Furthermore, the Court notes that the trier of fact's decision on whether the

second prong is satisfied will determine whether the third prong is satisfied. That is, if Plaintiff applied to be Captain, then he was clearly rejected as well, since he did not get that position. Conversely, if Plaintiff did not apply, then he could not have been rejected. Thus, the Court will not grant summary judgment in favor of County Defendants on the basis that Plaintiff cannot satisfy the second and third prongs of the prima facie case because there is a genuine issue of disputed material fact as to those prongs.

County Defendants next argue that, even if Plaintiff is able to satisfy the second and third prongs, he is unable to satisfy the fourth prong. The fourth prong of a prima facie failure-to-promote case requires an inquiry into the "relative qualifications of the plaintiff and the employee who actually received the promotion." Provenzano v. LCI Holdings, Inc., 663 F.3d 806, 814 (6th Cir. 2011). For a plaintiff to be considered "similarly qualified" to employees promoted in his stead such that a factfinder could reasonably infer discriminatory failure to promote, he must show that he "possesses 'similar qualifications' to the employee who received the promotion." Id.

County Defendants argue that Plaintiff cannot meet this burden because Wysocki was the Commander of Internal Affairs for four years with the Camden City Police Department, which

position he held when he transferred to the County. Conversely, Plaintiff held that position for only four months, four years prior to the formation of the County Police Department. Wysocki also had four more years of experience as a police officer than Plaintiff.

Plaintiff counters County Defendants' arguments with the following assertions: (1) Plaintiff was a Lieutenant — a higher rank than Wysocki — for more than five years with the City Police Department; (2) Plaintiff served as Acting Captain of Internal Affairs and later as a permanent Captain for a combined time of nearly two years at the City Police Department; (3) Plaintiff passed the Captain exam with the City Police Department, which Wysocki did not do, and placed second in scoring; and (4) Plaintiff had a Bachelor's degree, compared to Wysocki having no degree at all.[4]

---

[4] In addition, Plaintiff asserts that Officer Wysocki's installation as a Captain in the Camden County Police Department constitutes impermissible "rank jumping," as Officer Wysocki was elevated directly from the rank of Sergeant to the rank of Captain without first being elevated to the intermediate rank of Lieutenant. (See Pl.'s Opp'n [Docket Item 252], 9-13.) However, Judge Simandle already ruled that this argument has no merit. (See Opinion [Docket Item 202], 41-44.) Plaintiff has not sought reconsideration of this holding, nor has Plaintiff briefed any issue which would justify such reconsideration. Therefore, the Court shall not reconsider this issue at this time.

Plaintiff also argues that County Defendants have made multiple misrepresentations to the Court regarding Officer Wysocki's work history that raise the specter of discriminatory pretext. (See Pl.'s Opp'n [Docket Item 252], 13.) However,

The inquiry at this point is not whether Plaintiff and Wysocki have the exact same qualifications; rather, as noted above, it is whether they have similar qualifications. The Court notes that Plaintiff and Wysocki's "strengths and weaknesses [are] in different areas." See id. Therefore, the Court, making all reasonable inferences in favor of nonmoving Plaintiff, holds that a reasonable jury could find that Plaintiff and Wysocki were similarly qualified such that Plaintiff is able to satisfy the fourth requirement of the prima facie case. Therefore, summary judgment will not be granted in favor of County Defendants on that basis.

## B. County Defendants' Legitimate, Non-Discriminatory Reasons for Not Promoting Plaintiff

Since the Court has held that it is inappropriate to grant summary judgment on the basis of Plaintiff failing to meet his prima facie burden, the burden now shifts to County Defendants to provide a legitimate, non-discriminatory reason for the adverse employment action. McDonnell Douglas, 411 U.S. at 802-03; Burdine, 450 U.S. at 253; St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07. Under the law,

> [t]he employer satisfies its burden of production by introducing evidence which, taken as true, would

Plaintiff makes these assertions without citation to any specific documents containing alleged misrepresentations. (See id.) Therefore, the Court cannot consider the merits of these arguments at the present time.

permit the conclusion that there was a
nondiscriminatory reason for the unfavorable
employment decision.  The employer need not prove that
the tendered reason _actually_ motivated its behavior,
as throughout this burden-shifting paradigm the
ultimate burden of proving intentional discrimination
always rests with the plaintiff.

Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994) (emphasis in

original) (citations omitted).

Once the defendant has established a legitimate, non-

discriminatory reason for the adverse employment decision, the

burden shifts back to the plaintiff to show that the defendant's

reason is pretextual.  McDonnell Douglas, 411 U.S. at 804-05.

The relevant standard for showing pretext requires the plaintiff

to "demonstrate such weaknesses, implausibilities,

inconsistencies, incoherencies, or contradictions in the

employer's proffered legitimate reasons for its action that a

reasonable factfinder _could_ rationally find them 'unworthy of

credence,' and hence infer 'that the employer did not act for

[the asserted] non-discriminatory reasons.'"  Fuentes, 32 F.3d

at 765 (alteration in original) (emphasis in original) (first

quoting Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d

509, 531 (3d Cir. 1992); and then quoting Josey v. John R.

Hollingsworth Corp., 996 F.2d 632, 638 (3d Cir. 1993)).  "It is

not enough . . . to _dis_believe the employer; the factfinder must

_believe_ the plaintiff's explanation of intentional

discrimination."  Hicks, 509 U.S. at 519 (emphasis in original).

15

The plaintiff "must show, not merely that the employer's proffered reason was wrong, but that it was so plainly wrong that it cannot have been employer's real reason." <u>Keller</u>, 130 F.3d at 1109. Importantly in the context of this matter, it matters not to the Court "whether the employer is wise, shrewd, prudent, or competent" in its employment decisions. <u>Fuentes</u>, 32 F.3d at 765. Rather, all that matters is "whether discriminatory animus motivated the employer." <u>Id.</u>

The Third Circuit has synthesized the <u>McDonnell Douglas</u> burden-shifting framework and the summary judgment rule, holding that:

> to defeat summary judgment when the defendant answers the plaintiff's prima facie case with legitimate, non-discriminatory reasons for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.

<u>Fuentes</u>, 32 F.3d at 764.

Here, County Defendants' legitimate, non-discriminatory reason for promoting Wysocki instead of Plaintiff was essentially that they believed Wysocki was better qualified for the position. County Defendants — in particular, Deputy Chief Lynch, who made the hiring decision — valued Wysocki's experience as Captain for Internal Affairs with the City Police

16

Department more than Plaintiff's experience.  After all, Wysocki
had been in that position longer and more recently than
Plaintiff, and Lynch was evidently impressed with what Wysocki
was able to accomplish in the position, especially when compared
to Plaintiff's performance.  Lynch felt that the improvements
made by Wysocki in that position were illustrative of his
superior candidacy for the same position with the County Police
Department.  Thus, on this record County Defendants have
proffered a legitimate non-discriminatory reason for the choice
of Wysocki, shifting the burden to Plaintiff to show that reason
was pretextual.

In arguing that County Defendants' proffered legitimate,
non-discriminatory reason for not promoting him is pretext,
Plaintiff relies on the same arguments as he did for the fourth
element of the <u>prima</u> <u>facie</u> case.  That is, he argues that he
was, in fact, better qualified for the position and that the
issue of rank jumping shows discriminatory animus.  As noted
above, the Court has previously held in this case that the rank
jumping argument has no merit.  <u>See</u> <u>supra</u>, note 4.  Thus,
Plaintiff's remaining argument is that he was the better
candidate.  But, as the Honorable Joseph H. Rodriguez explained
in <u>Jackson v. Trump Entm't Resorts, Inc.</u>,

> [a] plaintiff's subjective belief that his
> qualifications should have been accorded more
> weight is not probative of pretext.  An

> employer is entitled to evaluate which
> qualifications best fit its needs in selecting
> a candidate. That is, a plaintiff's
> disagreement with assessment criteria and
> belief that he or she is better qualified for
> the position is not sufficient to avoid
> summary judgment.

149 F. Supp. 3d 502, 508-09 (D.N.J. 2007) (citing various

sources).

Whether County Defendants were imprudent in making their

decision has no impact on the question at hand: whether their

decision was motivated by discriminatory animus. County

Defendants point out that during this same timeframe, Lynch

promoted several African American officers, including one who

was promoted to the rank of Captain. (A Hispanic officer was

also promoted to the rank of Captain.) This, County Defendants

argue, undermines any argument that racial animus motivated the

decision to hire Wysocki over Plaintiff.

Plainly put, Plaintiff has not pointed to any evidence to

suggest such animus. His view that he was more qualified than

Wysocki is irrelevant here, even assuming arguendo that he is

correct in that view. Employers are free to make bad hiring

decisions. What they are prohibited from doing is making hiring

decisions based on racial animus.

In the case at hand, the best argument that Plaintiff can

make given the evidence presented is that County Defendants made

a bad decision by promoting Wysocki instead of him. However, he

does not successfully argue that the decision was motivated by racial animus.  Therefore, he is unable to show that County Defendants' proffered legitimate, non-discriminatory reason for not promoting him is pretext.

As a result of the above analysis, Plaintiff's claim cannot sustain the summary judgment standard.  While it is possible that a reasonable jury could find that Plaintiff made out a prima facie case of racial discrimination, as a matter of law Plaintiff has not shown that County Defendants' proffered legitimate, non-discriminatory reason for not promoting him was pretext.  Accordingly, the Court will grant County Defendants' motion for summary judgment on Counts Eleven and Twelve of Plaintiff's Amended Complaint as they pertain to allegations regarding the hiring of Officer Wysocki by the Camden County Police Department.

## VI.   CONCLUSION

For the foregoing reasons, the Court will grant County Defendants' motion for summary judgment [Docket Item 240] and the accompanying Order will be entered.


January 2, 2020                          s/Noel L. Hillman
DATE                                     NOEL L. HILLMAN
                                         U.S. DISTRICT JUDGE

At Camden, New Jersey