IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN A. SOSINAVAGE,<br><br>       Plaintiff,<br><br>   v.<br><br>POLICE CHIEF JOHN SCOTT THOMSON, et al.,<br><br>       Defendants.<br>------------------------------<br>LT. ANTHONY CARMICHAEL,<br><br>       Plaintiff,<br><br>   v.<br><br>POLICE CHIEF JOHN SCOTT THOMSON, et al.,<br><br>       Defendants. | Civil No. 14-3292 (NLH/AMD)<br><br>**MEMORANDUM<br>OPINION & ORDER**<br><br><br><br><br><br>Civil No. 14-3323 (NLH/AMD) |

**APPEARANCES:**

CHERYL L. COOPER
LAW OFFICES OF CHERYL L. COOPER
342 EGG HARBOR RD
SUITE A-1
SEWELL, NJ 08080

   *On behalf of Plaintiffs*

CHRISTINE P. O'HEARN
BROWN & CONNERY, LLP
360 HADDON AVENUE
PO BOX 539
WESTMONT, NJ 08108

DANIEL EDWARD RYBECK
JOHN C. EASTLACK, JR.
WEIR & PARTNERS LLP
20 BRACE ROAD, SUITE 200

CHERRY HILL, NJ 08034

LILIA LONDAR
HOLZMAN MCCLAIN & LONDAR, PC
524 MAPLE AVE, SUITE 200
LINWOOD, NJ 08221

*On behalf of Defendants*

**HILLMAN, District Judge**

WHEREAS, pending before this Court is the issue of the appropriate amount of sanctions to be assessed against Plaintiff's counsel, Cheryl L. Cooper;[1] and

WHEREAS, also pending are motions for summary judgment filed by Defendants in each of these actions (Civil No. 14-3292, Docket No. 294; Civil No. 14-3323, Docket No. 292), both of which were

---

[1] For a comprehensive description of the nature of these actions and a recitation of their procedural histories, see the Court's Opinion in Civil No. 14-3292, Docket No. 277. That Opinion denied Cooper's motion for reconsideration of sanctions imposed by the late Honorable Jerome B. Simandle, U.S.D.J. (See Civil No. 14-3292, Apr. 4, 2019, Docket No. 240.) In his April 4, 2019 Memorandum Opinion and Judgment, Judge Simandle granted County Defendants' unopposed application for legal fees and expenses and entered judgment in favor of the County of Camden and against Ms. Cheryl L. Cooper, Esq. and the Law Offices of Cheryl L. Cooper in the amount of $89,234.74 pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54.2. In this Court's Order denying Cooper's motion for reconsideration, the Court provided that Cooper could file objections to a supplementary certification of County Defendants' counsel and she could file a financial hardship affidavit, under the same terms permitted by Judge Simandle's prior Order. Cooper did so. (Docket No. 284). The issue as to whether the Court will reduce the amount of sanctions imposed by Judge Simandle remains outstanding because it is directly related to Defendants' motions to disqualify Cooper as Plaintiffs' counsel, as well as Cooper's own request to be relieved as counsel, as discussed herein.

filed on February 14, 2020; but

WHEREAS, on February 19, 2020, Defendants filed cross-motions to disqualify Plaintiffs' counsel (Civil No. 14-3292, Docket No. 297; Civil No. 14-3323, Docket No. 294); and

WHEREAS, in consideration of Defendants' motions to disqualify Plaintiffs' counsel, the Magistrate Judge directed Cooper to file a certification in response, which Cooper did on September 28, 2020 (Civil No. 14-3292, Docket No. 308; Civil No. 14-3323, Docket No. 304);[2] and

WHEREAS, in her certification, Cooper asserts, among other explanatory statements, "I am NOT able to continue as counsel for the Plaintiff in this matter. I have previously attempted to withdraw as counsel dating back to March 2019.";[3] and

---

[2] Cooper filed the identical certification in both matters.

[3] L. Civ. R. 102.1 provides, "Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." Cooper has not formally moved to withdraw as counsel for a second time.  Cooper's March 2019 motion to withdraw as counsel was denied without prejudice.  The Magistrate Judge found that "counsel has not met the standard for withdrawal of her representation at this time.  With respect to her first basis, counsel has failed to submit any documentation detailing the alleged financial inability to continue to represent her client. . . .  As to the second basis for counsel's motion, the Court notes that counsel has not submitted (either under seal or by way of in camera submission) any specific information describing the 'personal issues' that now prevent her from continuing her representation. . . . even if there is good cause to permit withdrawal of counsel, the Court notes that counsel fails to address the factors set forth in Rusinow. . . .  She has not set forth whether her clients object to her request; whether her clients are able to prosecute this case pro se or have retained

WHEREAS, the Court finds that Defendants' motions for summary judgment, and their related motions to seal, to which Cooper has failed to file any responses, cannot be decided until the issue of Plaintiffs' representation by Cooper has been resolved;

THEREFORE,

IT IS on this   30th   day of   October  , 2020

ORDERED that Defendants' motions for summary judgment and the related motions to seal (Civil No. 14-3292, Docket No. 294, 299; Civil No. 14-3323, Docket No. 292, 295) be, and the same hereby are, DENIED WITHOUT PREJUDICE to Defendants' right to refile their motions after the issue of Plaintiffs' representation has been resolved.

                                                                    s/ Noel L. Hillman

At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

other counsel; and the effect withdrawal of counsel would have on the resolution of this case, particularly given the stage of this litigation." (Civil No. 14-3292, Docket No. 238; Civil No. 14-3323, Docket No. 235.)  With regard to Plaintiffs' position on Cooper's request to withdraw as counsel, the Court's review of Cooper's September 28, 2020 certification only relates the following:  "My clients have been aware of the various medical and personal issues I have suffered dating back to 2015. They have been informed of the details all along." (Civil No. 14-3292 at 1.)  Cooper's most recent certification is silent as to Plaintiffs' stance on Cooper's withdrawal, or their ability to secure other counsel.

4