```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN A. SOSINAVAGE, | 1:14-cv-3292-NLH-AMD |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| POLICE CHIEF JOHN SCOTT THOMSON, et al., | |
| Defendants. | |
| LT. ANTHONY CARMICHAEL, | 1:14-cv-3323-NLH-AMD |
| Plaintiff, | |
| v. | |
| POLICE CHIEF JOHN SCOTT THOMSON, et al., | |
| Defendants. | |

**HILLMAN**, District Judge

THIS MATTER having come before the Court upon the Motion [Docket Number 338] by Defendants City of Camden, Deputy Chief Orlando Cuevas, Deputy Chief Michael Lynch, Police Chief John Scott Thomson, and Louis Vega (collectively the "Sosinavage Defendants") in 14-3292 Sosinavage v. Thomson et al. (the "Sosinavage matter"), pursuant to Local Civil Rule 5.3, seeking an Order sealing Exhibits 1 and 14 (collectively the "Sosinavage

Confidential Materials") filed in support of the Sosinavage Defendants' Motion for Summary Judgment [Dk. No. 336] in the Sosinavage matter, and upon the Motion [Dkt. No. 323] by Defendants City of Camden, Deputy Chief Orlando Cuevas, Deputy Chief Michael Lynch, Police Chief John Scott Thomson, Louis Vega, J.L. Williams, and Joseph Wysocki (collectively the "Carmichael Defendants")[1] in 14-3323 Carmichael v. Thomson (the "Carmichael matter"), pursuant to Local Civil Rule 5.3, seeking an Order sealing Exhibits 1 through 32 (collectively the "Carmichael Confidential Materials")[2] filed in support of the Carmichael Defendants' Motion for Summary Judgment [Dkt. No. 322], in the Carmichael matter.  The Confidential Materials are under temporary seal.[3]  Neither the Plaintiff in the Sosinavage

---

[1] Hereinafter, the term "Defendants" refers to both the Sosinavage Defendants and the Carmichael Defendants.

[2] Hereinafter, the term "Confidential Materials" refers to both the Sosinavage Confidential Materials and the Carmichael Confidential Materials.

[3] It should also be noted there are documents on the docket, currently under temporary seal, that are identical Sosinavage and Carmichael Confidential Materials.  These identical documents were filed in support of the Sosinavage Defendants' and the Carmichael Defendants' prior motions for summary judgment and were the subject of prior motions to seal that this Court previously denied without prejudice.  Should the Sosinavage Defendants and the Carmichael Defendants seek to file further motions to seal, such motions must comply with the directives described by this Memorandum Opinion and Order and such motions must also seek to seal these identical Confidential Materials that are listed throughout the Dockets in these two cases.  The Court expects the Defendants to identify each and every document they seek to seal by docket number and

matter, John A. Sosinavage, nor the Plaintiff in the Carmichael matter, Lt. Anthony Carmichael, (collectively "Plaintiffs") have joined the motions, filed opposition to the motions, nor indicated a position on the requested relief.

The Court has considered the papers in support of the Motions to Seal.  Pursuant to Local Civil Rule 5.3, the Court may restrict public access to any materials or judicial proceedings upon request by any party.  However, Defendants have not established good cause to justify sealing the Confidential Materials.  Thus, the Motions will be denied without prejudice on procedural and substantive grounds.

Local Civil Rule 5.3 governs requests to seal documents filed with the Court.  The Rule dictates that the party seeking to seal documents must describe (a) the nature of the materials at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) whether the materials at issue were previously sealed; and (d) the identity of any party or nonparty

---

with full supporting details as required by Local Civil Rule 5.3, otherwise any temporarily sealed materials that are not identified as the specific subject of a motion to seal will be unsealed by the Clerk.

know to be objecting to the request to seal.  L. Civ. R. 5.3(c)(3).

While it is within the Court's authority to restrict public access to information, it is well-settled that there is a "common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001).  The moving party bears the burden to overcome the presumption of public access and must demonstrate that "good cause" exists for the protection of the material at issue. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).  Good cause is presented only when the moving party makes a particularized showing that disclosure will cause a "clearly defined and serious injury." Id.  Good cause is not established where a party merely provides "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." Id. (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).

In addressing the Local Rule 5.3(c)(3) factors, Defendants submit an identical certification to support both motions, namely the certification of their attorney, Edward F. Kuhn, III, which states:

> A. Nature of the Materials – Internal Affairs

4

     files.[4]
   B. Interest Warranting Relief – Protection of confidential Internal Affairs files per the New Jersey General Guidelines on Internal Affairs Policy & Procedures, which have been disclosed to Plaintiff pursuant to a Discovery Confidentiality Order.[5]
   C. Injury if Relief is Denied – Disclosure of confidential information protected under federal and state law.[6]
   D. Less Restrictive Alternatives – None.[7]
   E. Prior Orders to Seal – City Defendants originally filed Motions for Summary Judgment that was [sic] dismissed without prejudice.  The City Defendants subsequently filed Motions to Seal the Exhibits.  The City Defendants' Motions were denied without prejudice pending resolution of Plaintiffs' Motion to Withdraw as Counsel.  The Motion to Seal was also concurrently denied.  However, the exhibits remain under seal on each docket.  The City Defendants have refiled each Motion for Summary Judgment per the

---

[4] This description is vague and inadequate.  The Defendants should be prepared to describe in a renewed motion the nature of the materials sought to be sealed.

[5] There must be a true analysis of the legitimate private or public interests that warrant the relief sought.  The execution of a confidentiality order for purposes of discovery does not warrant or justify, standing alone, the sealing of materials submitted by a party or parties during dispositive motions or a trial on the merits.

[6] This is nothing more than a bald assertion.  The Defendants must be prepared to describe the particularized, clearly defined and serious injury that would result if the relief sought is not granted.  See Homesource, Corp. v. Retailer Web Services, LLC, No. 18-11970 (ECR/KMW), 2019 WL 13084419, at *3 (D.N.J. Oct. 11, 2019).

[7] Likewise, this is a bald assertion that lacks a supporting explanation as to why wholesale sealing is more appropriate than tailored redactions.

5

>   >   Court's instructions.  The exhibits
>   >   requested to be sealed are identical to
>   >   the exhibits preciously [sic] requested to
>   >   be sealed and are currently inaccessible
>   >   on the docket.
>   > F. Objections to Sealing – None made prior.
>   > G. Materials to Which Objection Exits – Not
>   >    applicable.
>   > H. Basis for Objection – Not applicable.
>   > I. Basis to Maintain Seal (if previously
>   >    granted) – Not applicable.

Certification of Edward F. Kuhn, III, Esq. in support of motion to seal [Dkt. No. 338-1 in the Sosinavage matter and Dkt. No. 323-1 in the Carmichael matter].  The Defendants also included proposed orders, which provide no further details and elaboration than the above descriptions.

After review of these submissions, the Court is not persuaded that the Defendants have carried their burden to demonstrate good cause to justify sealing the Confidential Materials at this time.  The record demonstrates both procedural and substantive deficiencies in Defendants' attempt to overcome the public's right of access to judicial proceedings and records.  Nonetheless, Court will not unseal the Confidential Materials and instead shall afford the parties the opportunity to file another motion to seal that corrects the deficiencies described below.

As an initial matter, the Defendants did not follow the correct procedure for a motion to seal.  Defendants moved to seal the Confidential Materials yet failed to follow the process

6

our Local Civil Rules prescribe for such motions.  A motion to seal is made on notice, by a single, consolidated motion made on behalf of all parties.  L. Civ. R. 5.3(c)(1).  Defendants did not file a consolidated motion on behalf of all parties. Defendants' Motions are more akin to normal motion practice, as a party's unilateral filing.

Critically, a motion to seal must include all information required by Local Civil Rule 5.3(c)(3).  Defendants failed to adhere to this requirement for multiple reasons.  Although Defendants included the Declaration of their outside litigation counsel, Mr. Kuhn, he is not an employee of the Defendants and therefore lacks personal knowledge of the Confidential Materials and the Defendants in general.  Accordingly, his Certifications [Dkt. Nos. 338-1 in the Sosinavage matter and 323-1 in the Carmichael matter] do not satisfy Local Civil Rule 5.3(c)(3)'s requirement that a motion to seal include an affidavit, declaration, certification or other documents of the type referenced in 28 U.S.C. § 1746, which shall be based on personal knowledge as required by Local Civil Rule 7.2(a).

Moreover, Defendants failed to include an index, substantially in form suggested by Appendix U, describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious

7

injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.[8]  Although the Defendants may feel they addressed these factors in their Proposed Orders and Mr. Kuhn's Certifications, a review of their factors shows they do match up cleanly with those listed in the local rule.  Moreover, the Defendants were required to submit a proposed order that included sections detailing proposed findings of fact and conclusions of law addressing the factors set forth in Local Civil Rule 5.3(c)(3).  See L. Civ. R. 5.3(c)(3) and (c)(6).  Although the Defendants enclosed Proposed Orders [Dkt. No. 338-2 in the Sosinavage matter and Dkt. No. 323-2 in the Carmichael matter], the Proposed Orders do not comport with our Local Civil Rules' requirements as there are no findings of fact and conclusions of law, let alone an analysis of the Rule 5.3(c)(3) factors.  In sum, the Motions suffer several procedural shortcomings that the parties must address if

---

[8] In the event there is an objection to the request to seal, the index must also describe: (g) the materials to which there is an objection; (h) the basis for the objection; and (i) if the materials or information was previously sealed by the Court in the pending action, why the materials should not be maintained under seal.

8

the Confidential Materials are to be sealed.

The Motions also present substantive issues.  For example, the Defendants fail to actually describe the nature of the Confidential Materials, painting them with a wide-brush stroke as "Internal Affairs files" and providing no further explanation as to each individual document.  Yet even a cursory review of the documents sought to be sealed show they are materials far beyond internal affairs documents.  Many are court documents and deposition transcripts.  The Court is unpersuaded by the Defendants' arguments that disclosure of the Confidential Materials will cause a clearly defined and serious injury and that wholesale sealing is the least restrictive means to protect those materials from disclosure.  This is especially so when Defendants seek to seal every exhibit to their summary judgment motions regardless of the source or the nature of the materials.  The Defendants' arguments are simply general, overbroad, and conclusory.  This Court does not and will not issue secret rulings or a decision lacking the factual foundation for its ruling.  Materials important enough to accompany Defendants' motions for summary judgment must be available in some form for the Court to issue its substantive opinions with only the most sensitive contents of such documents shielded from the public view.  The spirit and intent of Local Civil Rule 5.3 is not the wholesale opaqueness of relevant materials the parties would

9

prefer not to have publicly disclosed but rather the thoughtful and narrowly tailored redaction of only the most sensitive materials.

To substantiate the claims injury would occur as a result of disclosure, the Defendants must explain in a renewed motion "how" and articulate that disclosure "will" cause harm. The Defendants' Motions do not cite to any specific examples of harm that will result, and, for that reason, the Defendants' averments do not satisfy their burden. Any future motions to seal any portion of the Confidential Materials should be supported with citations to relevant caselaw as to the particular portions sought to be sealed and must present a particularized showing of clearly defined and serious injury that would result if some particular portion of the Confidential Materials are not sealed.

Finally, the Court notes that the Defendants failed to properly file the Confidential Materials on the docket. Specifically, as noted above, Defendants filed the Confidential Materials under temporary seal, but also included documents under seal that are not part of the Confidential Materials as described in the motion, i.e, internal affairs documents. This is not correct practice. The Defendants were required to file an unredacted or "clean" version of the Exhibits on the docket under temporary seal. See Local Civil Rule 5.3(c)(4).

Thereafter, within 14 days of filing the Exhibits under temporary seal, the Defendants were required to electronically file public, redacted versions of the Exhibits on the docket. Id.  The parties were then required to meet within 21 days after the Exhibits were filed under temporary seal in an effort to narrow or eliminate the materials or information that may be the subject of the motion to seal.  Nothing in the Court's prior orders absolved the parties of the meet and confer and other procedural requirements of Local Civil Rule 5.3.

To cure the above deficiencies, the Court shall afford the parties another opportunity to present the Exhibits and a motion to seal in a manner consistent with the requirements of Local Civil Rule 5.3.

THEREFORE,

IT IS on this  1st  day of  July , 2022,

ORDERED that the Sosinavage Defendants' Motion to Seal [Dkt. No. 338] in the Sosinavage matter, be, and the same hereby is, DENIED without prejudice.  However, the Confidential Materials shall remain under temporary seal; and it is further

ORDERED that the Carmichael Defendants' Motion to Seal [Dkt. No. 323] in the Carmichael matter, be, and the same hereby is, DENIED without prejudice.  However, the Confidential Materials shall remain under temporary seal; and it is further

ORDERED that the parties are granted leave to submit a

11

single, consolidated, joint motion to seal the Confidential Materials within 30 days of this Opinion.  This motion must include a courtesy copy of the unredacted Exhibits delivered to the Clerk of the Court; and it is further

ORDERED that the parties shall file publicly available, redacted versions of the Confidential Materials on the Docket no later than fourteen days after the joint motion is filed and engage in the meet and confer process set forth in the local rule.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.